# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **BLACK CREEK LAND &** | ) | **Chapter 7** |
| **MINERAL, INC., et al.,** | ) | **Involuntary Petition** |
| | ) | **Case No. 02-07208** |
| **Debtors** | ) | |
| | ) | **(Jointly Administered)** |

_____

| | | |
|---|---|---|
| **THOMAS E. REYNOLDS,** | ) | |
| **as Trustee of the Estate of** | ) | |
| **BLACK CREEK LAND &** | ) | |
| **MINERAL, Inc.,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **A.P. No. 04-159** |
| **vs.** | ) | |
| | ) | |
| **DERRELL JUNIOR** | ) | |
| **CHAMBLEE, SCOTTIE** | ) | |
| **DERRELL CHAMBLEE &** | ) | |
| **CHERYL CROWDER** | ) | |
| **CHAMBLEE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

This adversary proceeding is before the Court following a hearing on July 25, 2005, on the

*Motion to Amend Complaint* ("*Motion to Amend*") filed by the Plaintiff, Thomas E. Reynolds, as

Trustee for the Estate of Black Creek Land & Mineral, Inc. ("Trustee") and the *Objection to*

*Trustee's Motion to Amend and Motion to Dismiss Plaintiff Trustee's Amended Complaint*

("*Objection and Motion to Dismiss*") filed by the Defendants Derrell Junior Chamblee and Scott

Derrell Chamblee ("Defendants").   Appearing at the hearing were: Steven Ball, attorney for the

Trustee; Phillip Bates, attorney for the Defendants; Tom Corbett, Chief Deputy Bankruptcy Administrator; and Jon Dudeck, an attorney in the Bankruptcy Administrator's office. The Court has jurisdiction pursuant to 28 U.S.C. §§151, 157(a) and 1334(b) and the United States District Court for the Northern District of Alabama's General Order Of Reference Dated July 16, 1984, As Amended July 17, 1984.[1] This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A).[2]

---

[1] 28 U.S.C. § 151 provides:

In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district. Each bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter with respect to any action, suit, or proceeding and may preside alone and hold a regular or special session of the court, except as otherwise provided by law or by rule or order of the district court.

28 U.S.C. § 157(a) provides:

Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

28 U.S.C. § 1334(b) provides:

Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

The General Order of Reference as amended provides:

The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

[2] 28 U.S.C. §§ 157(b)(2)(A) provides:
        (b)(2)Core proceedings include, but are not limited to–
                (A) matters concerning the administration of the estate;

2

The Trustee seeks to amend the original *Complaint* to clarify that this adversary proceeding

was filed in his capacity as Trustee for all of the procedurally consolidated debtors, including Black

Creek Land & Mineral, Inc. ("Black Creek"), Jefferson Screening, Inc. ("Jefferson Screening") and

Laguna Resources, Inc. ("Laguna")(collectively the "Debtors").  He also seeks to add additional

counts based on 11 U.S.C. § 548(a)(1)(A) and (B) and Ala. Code §§ 8-9A-4 and 5.  The Defendants

oppose the *Motion to Amend* on various grounds and, *inter alia*, request that the *Amended Complaint*

be dismissed.[3]

The Court has considered the pleadings, the arguments of counsel and the law and finds and

concludes as follows.[4]

## I.  FACTUAL BACKGROUND [5]

### A.  State Court Proceedings

In August 1998, Laguna sued Jefferson Screening in the Circuit Court of Walker County,

Alabama.[6]  Jefferson Screening filed suit as a third-party plaintiff against Seminole Electric

---

[3] Since the Court had not yet granted the Trustee's Motion to Amend Complaint when the Defendants' Motion to Dismiss was filed there was technically no Amended Complaint to be dismissed. However, although the Defendants' Motion to Dismiss is procedurally premature, the Court will rule on it at this time to avoid any further delay in this litigation.

[4] This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to adversary proceedings in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052.

[5] Pursuant to Fed. R. Evid. 201, this Court may take judicial notice of the contents of its own files. See ITT Rayonier, Inc. v. U.S., 651 F.2d 343 (5th Cir. 1981).

[6] The facts underlying the Walker County litigation have been extensively recited in numerous pleadings and other papers filed in the main bankruptcy case during the past three years and are well know to all parties involved in the adversary proceeding.  Therefore, the Court finds it unnecessary to recite those facts again.

3

Cooperative, Inc. ("Seminole") in September 1998. Black Creek was joined as an indispensable third-party Plaintiff in that action. In February 1999, Laguna amended its complaint, effectively absolving Jefferson Screening from wrongdoing and placing full blame on Seminole. The practical effect of this amendment was to align all of the Debtors against Seminole. The Defendants were principals in one or more of the Debtor companies throughout the course of the Walker County litigation.

Following prolonged litigation and a jury trial, a judgment for $21,789,557.00 in compensatory and punitive damages plus costs was entered on June 26, 2001, in favor of Jefferson Screening, the original third-party plaintiff, and against Seminole. The judgment also awarded compensatory damages $363,690.00 to Laguna and $43,652.69 to Black Creek. After numerous appeals and mediations, the Debtors and Seminole finally reached a settlement (the "Settlement") of the litigation. An interpleader complaint was filed and the Settlement funds were paid into the Walker County Circuit Court to be disbursed by the clerk of court.

The Walker County Circuit Court approved the Settlement in an Order entered on September 11, 2002 that, *inter alia*, instructed the clerk of court to pay Derrell Junior Chamblee and Scottie Derrell Chamblee $400,000.00 and $350,000.00 respectively as compensation for their assistance in the Walker County litigation.[7]

### B. Bankruptcy Proceedings

On September 13, 2002, involuntary Chapter 7 bankruptcy petitions were filed against the

---

[7] All court records relating to the Walker County litigation were subsequently sealed pursuant to an Order entered by the Walker County Circuit Court on October 10, 2002.

Debtors.[8] On January 15, 2003, Orders for Relief were entered in each of the bankruptcy cases and Tom Reynolds was appointed as Trustee in each case.[9] The cases were procedurally consolidated for joint administration pursuant to Fed. R. Bankr. P. 1015(b) on March 7, 2003. The Order granting procedural consolidation and joint administration instructed that "the caption of these cases is modified to reflect the joint administration" and required the new caption to include the phrase "Jointly Administered" below the case number. Each of the Debtors and all of the creditors were served with this Order on March 9, 2003.

There was extensive litigation before this Court in the main bankruptcy case. Again, all of the parties to this adversary proceeding are well aware of what occurred in the main bankruptcy case. Therefore, the Court finds that a detailed recitation of that litigation is unnecessary here.

The Trustee filed this adversary proceeding on September 6, 2004. Proc. No. 1. Paragraph one of the *Complaint* provides: "The Plaintiff, Thomas E. Reynolds, (hereinafter the "Trustee") by and through counsel, brings this action in his capacity as Trustee for the Estate of Black Creek." Id. The caption of the *Complaint* includes the phrase, "Jointly Administered." The Trustee filed the Motion to Amend to, *inter alia*, clarify that the adversary proceeding is being pursued on behalf of all of the consolidated Debtors. Proc. No. 40. The *Motion to Amend* also sought to add additional counts to the *Complaint* based on 11 U.S.C. § 548(a)(1)(A) and (B) and Ala. Code §§ 8-9A-4 and 5. Id. In opposition the Defendants filed the *Objection and Motion to Dismiss*, the caption of which

---

[8] The Laguna involuntary petition was filed in the United States Bankruptcy Court for the Northern District of Alabama, Western Division. The case was transferred to the Southern Division by agreement of the parties on October 22, 2002.

[9] Prior to the entry of orders for relief, Tom Reynolds had served as the Interim Trustee of the three bankruptcy estates pursuant to an Order of this Court entered on October 22, 2002.

Case 04-00159-TOM    Doc 61    Filed 08/11/05    Entered 08/11/05 15:48:20    Desc  order
Page 5 of 12

reads, *inter alia*, "Bankruptcy Cases Nos.: 02-07208-TOM-7, 02-07209-TOM-7, AND 02-72819-7 [,] Jointly Administered."     Proc. No. 46.   The Defendants styled the adversary proceeding as "THOMAS E. REYNOLDS, as Trustee of the Estates of BLACK CREEK LAND & MINERAL, INC.[,] JEFFERSON SCREENING, INC. & LAGUNA RESOURCES, INC."   Id.   A *Response* was filed by the Trustee.   Proc. No. 52.

## II.   CONCLUSIONS OF LAW

### A.  Amendments to Pleadings

Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure, made applicable to bankruptcy by Fed. R. Bankr. P. 7015, which provides, in pertinent part

(a) Amendments.

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires ...

(c) Relation Back of Amendments.

An amendment of a pleading relates back to the date of the original pleading when

> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading,

Fed. R. Civ. P. 15.  Since the Defendants filed an Answer long before the Trustee sought to amend the Complaint, the Complaint may not be amended without leave of the Court.

Trial courts have broad discretion in determining whether to grant leave to amend a complaint.  See Jameson v. The Arrow Company, 75 F.3d 1528, 1534-5 (11th Cir. 1996). The

6

purpose of Rule 15(a) is to "assist in the disposition of litigation on the merits of the case rather than have pleadings become an end in themselves." Summit Office Park, Inc. v. U.S. Steel Corp., 639 F.2d 1278, 1284 (5th Cir. 1981)(citations omitted). In determining whether to grant leave to amend a complaint, the United States Supreme Court wrote

> [i]t is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. 'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.' Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 103 (1957). The Rules themselves provide that they are to be construed 'to secure the just, speedy, and inexpensive determination of every action.' [Fed. R. Civ. P. 1].
>
> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded ... In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.- the leave sought should, as the rules require, be 'freely 'given.'

Foman v. Davis, 371 U.S. 178, 181-82 (1962). A complaint may be amended, even if the statute of limitations has run, when "what is involved is a mere change in the description of the capacity in which the plaintiff sues." Longbottom v. Swaby, 397 F.2d 45, 48 (5th Cir. 1968). The Longbottom court goes on to note that substantial authority exists "for even greater liberality of amendment than called for in this case, in the form of allowing substitution of a new plaintiff after the statute of limitations has run, with relation back, when the new and old parties are different but have substantial identity of interest." (citations omitted) Id. at n. 6.

### 1. Adding Laguna and Jefferson Screen

The first amendment to the Complaint sought by the Trustee is merely to clarify the capacity in which he is suing by adding the estates of Laguna and Jefferson Screen. There is no reason to

assume the Trustee's failure to state that he was acting in his capacity as Trustee for all three Debtors, rather than only one, was anything other than a clerical error. The Defendants knew the cases were procedurally consolidated in March 2003, and have been jointly administered for more than two years. The pleadings in the main case and in this adversary proceeding, including the Defendants' *Objection and Motion to Dismiss*, indicate that the cases are "Jointly Administered." Further, the *Objection and Motion to Dismiss* is styled, *inter alia*, as "THOMAS E. REYNOLDS, as Trustee of the Estates of BLACK CREEK LAND & MINERAL, INC.[,] JEFFERSON SCREENING, INC. & LAGUNA RESOURCES, INC." Given the history of this case and the Defendants' involvement in it, it is unreasonable to believe they thought the Trustee was acting on behalf of only one debtor when the three cases had been jointly administered for more than two years. As such, they should have known that the Trustee did not intentionally misplead the original Complaint.

The Defendants are playing a game of procedural gamesmanship in which the Trustee's simple clerical error would be a fatal misstep. Such a position is contrary to the spirit of the Federal Rules. This Court believes in trying cases, not lawyers. Additionally, this adversary proceeding is to bring to light any alleged misconduct or cause of action that will recover assets for the benefit of the creditors which is the compelling basis of bankruptcy. Therefore, to the extent the Trustee made a clerical mistake or oversight in pleading, or to the extent he merely seeks to clarify the pleadings, the Court will permit him to correct that mistake.

### 2. Adding additional claims

The Trustee also seeks to add additional counts to the original *Complaint* based on 11 U.S.C. § 548(a)(1)(A) and (B) and Ala. Code §§ 8-9A-4 and 5. These new claims will relate back to the

Case 04-00159-TOM   Doc 61   Filed 08/11/05   Entered 08/11/05 15:48:20   Desc  order
Page 8 of 12

date of the original Complaint, and will not be potentially barred by the statute of limitations, if they "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c).

The original *Complaint* alleges the transfers of $350,000.00 and $400,000.00 to Derrell Junior Chamblee and Scottie Derrell Chamblee respectively are avoidable under 11 U.S.C. § 547, or alternatively under 11 U.S.C. § 549. Similarly, the Amended Complaint alleges that those transfers were fraudulent pursuant to 11 U.S.C. § 548(a)(1)(A) and (B) and ALA. CODE §§ 8-9A-4 and 5 and may be avoided. The claims asserted in the Amended Complaint clearly "arose out of the conduct, transaction, or occurrence set forth ... in the original pleading" and therefore relate back to the date of the original *Complaint*.

Accordingly, because the new claims relate back to the original pleading and are thus not time barred, leave is granted to amend the original *Complaint* to add the additional claims based on 11 U.S.C. § 548(a)(1)(A) and (B) and Ala. Code §§ 8-9A-4 and 5.

### B. Motion to Dismiss

A court "may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint." Looney v. Hyundai Motor Mfg. Alabama, LLC, 330 F. Supp. 1289, 1290 (M.D. Ala. 2004). See also Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986). Factual allegations should be accepted as true and viewed in a light most favorable to the non-moving party. See Looney, 330 F. Supp. at 1290. The threshold for a complaint to survive a motion to dismiss for failure to state a claim is "exceedingly low." Id.

The Defendants seek to dismiss portions of the *Amended Complaint*, specifically those

dealing with 11 U.S.C. § 548(a)(1)(A) and (B) and Ala. Code §§ 8-9A-4 and 5.[10]  The Defendants

make several arguments in support of their *Objection and Motion to Dismiss*, including that the

money was not property of the estate and that no creditors were harmed by the transfer.[11]  These

arguments go to the heart of the case and are not a proper basis for a *Motion to Dismiss*.  Assuming

the factual allegations in the *Amended Complaint* are true and considering them in a light most

favorable to the Trustee, the Court finds that relief could be granted in the Trustee's favor.

Therefore, based on the foregoing, the Defendants' *Objection and Motion to Dismiss* is denied.

### III.  CONCLUSION

Based on the evidence, the pleadings and the arguments of counsel, the Court finds that the

Trustee should be granted leave to amend the *Complaint*.  The Court further finds the dismissal of

the Amended Complaint and the objection to amending the Complaint sought in the Defendants'

*Objection and Motion to Dismiss* are due to be denied and overruled, respectively.  Accordingly, it

is hereby

**ORDERED, ADJUDGED, AND DECREED** that the relief sought in the Trustee's *Motion*

*to Amend Complaint* is **GRANTED**; it is further

---

[10]  The Court again notes that a portion of the Defendants' *Objection and Motion to Dismiss* was procedurally premature for the reasons set out in footnote 3 herein.

From the Defendants' pleading it is unclear precisely what relief is requested.  One portion of the *Objection and Motion to Dismiss* requests the *Amended Complaint* be dismissed and another portion requests a dismissal of only those newly added portions.  The Court assumes the Defendants misplead the relief requested and intended to request the latter.

[11]  Relying on a Bankruptcy Court for the Southern District of New York decision, the Defendants contend that to be avoidable, the fraudulent transfer must have harmed at least one creditor.  That is not, however, the law in the Eleventh Circuit.  See, e.g., In re XYZ Options, Inc., 154 F.3d 1262 (11th Cir. 1998).

Case 04-00159-TOM    Doc 61    Filed 08/11/05    Entered 08/11/05 15:48:20    Desc  order
Page 10 of 12

**ORDERED, ADJUDGED, AND DECREED** relief sought in the Defendants' *Objection to Trustee's Motion to Amend and Motion to Dismiss Plaintiff Trustee's Amended Complaint* is **DENIED**; it is further

**ORDERED, ADJUDGED, AND DECREED** that the discovery deadline is extended and the parties shall complete discovery on or before October 7, 2005.  A status conference shall be held on this matter on October 3, 2005 at 10:30 a.m. in Courtroom Number 2 of the Robert S. Vance Federal Building, 1800 5th Avenue North, Birmingham, Alabama.

Dated this the 11th day of August, 2005.


**/s/ Tamara O. Mitchell**
TAMARA O. MITCHELL
United States Bankruptcy Judge

TOM:jdg


xc:    Steven Ball, Attorney for the Trustee, Thomas Reynolds
Phillip Bates, Attorney for the Defendants, Derrell Junior Chamblee and Scottie Derrell Chamblee

11

12

Case 04-00159-TOM    Doc 61    Filed 08/11/05    Entered 08/11/05 15:48:20    Desc  order
Page 12 of 12